UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JEFFREY R. JONES, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Civil Action No. 07-40008-FDS |
| STEVEN O'BRIEN, | ) ) ) | |
| Respondent. | ) ) ) | |

**MEMORANDUM AND ORDER ON PETITIONER'S
MOTION FOR CERTIFICATE OF APPEALABILITY**

**SAYLOR, J.**

Pending before the Court is petitioner Jeffrey R. Jones's request for a Certificate of Appealability ("COA"). Jones seeks a COA to allow him to appeal this Court's order of April 23, 2007, dismissing his petition for a writ of habeas corpus as time-barred under 28 U.S.C. § 2244(d). For the reasons stated below, the request for a COA will be denied.

**I.   Background**

On September 30, 1981, a Plymouth County grand jury returned an indictment charging Jones with first-degree murder and aggravated rape. On February 27, 1985, after a jury trial, he was convicted of both crimes. He timely appealed. On October 22, 1986, he filed a motion for a new trial and his appeal was stayed pending disposition of this motion. The Superior Court subsequently denied the motion for a new trial, and he appealed.

Jones's appeals of his convictions and the denial of his motion for a new trial were consolidated in the Massachusetts Supreme Judicial Court. On August 18, 1988, the SJC affirmed his convictions for murder and aggravated rape, as well as the denial of the motion for a

new trial. *See Commonwealth v. Jones*, 403 Mass. 279, 290 (1988).

Jones filed a motion for a new trial with the SJC on June 25, 1993. On October 19, 1993, he filed an assented-to motion to dismiss the motion for a new trial without prejudice. He then filed another motion for a new trial in Plymouth Superior Court, which was denied. On November 28, 1994, he filed a petition for leave to appeal the denial of his motion for a new trial. A single justice of the SJC denied the petition on December 20, 1994.

Jones filed a petition for a writ of habeas corpus in this Court on January 3, 2007. Respondent Steven O'Brien moved to dismiss the petition as time-barred under 28 U.S.C. § 2244(d).

## II.     Analysis

### A.     Dismissal of Habeas Petition

In a Memorandum and Order dated April 23, 2007, this Court granted respondent's motion to dismiss. As the Court explained, effective April 24, 1996, Congress enacted a statute of limitations applicable to federal habeas corpus petitions filed by state prisoners as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2244(d). That statute sets a one-year limitation period that runs from the time that the state court judgment of conviction becomes "final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In cases where a petitioner's conviction became final before the effective date of the AEDPA, the First Circuit has construed § 2244(d) to allow petitioners a one-year "grace period" in which to file a habeas corpus petition. *See Gaskins v. Duval*, 183 F.3d 8, 9 (1st Cir. 1999). This grace period began on April 24, 1996, the effective date of the AEDPA, and ended on April 24, 1997. *See Rogers v. United States*, 180 F.3d 349,

355 (1st Cir. 1999).

The statute provides exceptions to the one-year limitations period where an untimely filing was caused by the state, where new constitutional rights have been created by the Supreme Court, or where there is newly discovered evidence. 28 U.S.C. § 2244(d)(1)(B)-(D). The AEDPA also excludes from the one-year limitations period the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). In addition, equitable tolling of the AEDPA's limitations period may be available when "extraordinary circumstances" beyond the petitioner's control prevented the prompt filing of the petition. *Cordle v. Guarino*, 428 F.3d 46, 48 (1st Cir. 2005).

The Court noted that the Massachusetts Supreme Judicial Court affirmed Jones's convictions on August 18, 1988. His convictions became final ninety days thereafter, on November 16, 1988, when his opportunity to seek certiorari expired. Because his conviction became final prior to the effective date of the AEDPA, Jones was required to file his federal habeas corpus petition within the one-year grace period that ended on April 24, 1997. He did not commence his habeas in this Court action until January 3, 2007, almost ten years after the one-year grace period expired.

Jones had no state applications pending during the one-year grace period. As such, the statutory tolling provision did not apply. Moreover, Jones failed to establish any reason why equitable tolling should apply. *See id.* at 48 (recognizing that petitioner bears the burden of establishing a basis for equitable tolling).

In sum, the Court dismissed Jones's habeas petition because he failed to file within the

time period permitted by the AEDPA, and because he did not make any showing that this failure was due to extraordinary circumstances or circumstances beyond his control.

### B. Request for COA

Jones now seeks a COA allowing him to appeal the dismissal of his petition. A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 does not have an automatic right to appeal a district court's denial or dismissal of the petition. 22 U.S.C. § 2253(b). Instead, such a petitioner must first seek and obtain a COA from a circuit justice or judge. 28 U.S.C. § 2253(c). By local rule, in the First Circuit, "[a] petitioner wishing to appeal from the denial of a § 2254 or § 2255 petition must file a timely notice of appeal and should promptly apply to the district court for a certificate of appealability." First Circuit Local Rule 22.1(b). Ordinarily, the Court of Appeals will not initially "receive or act on a request for a [COA] if the district judge who refused the writ is available, unless an application has first been made to the district court judge." *Id.*

The United States Supreme Court has indicated that where—as here—"the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Supreme Court has further instructed that the two prongs of this analysis—one directed at the underlying constitutional claims and the other at the procedural holding—are "part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id.* at

485.

In the present case, the Court concludes, for the reasons set forth in its Memorandum and Order dismissing the petition and recounted above, that reasonable jurists could not find that its dismissal of Jones's habeas petition as time-barred was incorrect or debatable. Accordingly, the request for a COA will be denied.

### III.  Conclusion

For the foregoing reasons, the request for a Certificate of Appealability is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor<br>F. Dennis Saylor IV<br>United States District Judge

Dated: July 12, 2007